FRANK A. WEISER (S.B. #89780)
Attorney at Law
3460 Wilshire Blvd., #1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
PRISCILLA HUERTA,
ARTURO HUERTA,
individually and on behalf
of their minor children Does
1-7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA HUERTA and ARTURO HUERTA, individually  and on behalf of their minor children DOES 1-7 inclusive, | Case No. |
| | **COMPLAINT FOR DAMAGES; DECLARATORY AND DECLARATORY RELIEF** |
| | **[Violation of Federal Civil Rights under 42 U.S.C. Section 1983 and 42 U.S.C. 3604, et seq.]** |
| Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| vs. | |
| CITY OF PALMDALE, a municipal corporation; COUNTY OF LOS ANGELES, a municipal corporation; BUD DAVIS; ; SARA  SHREVES; CITY OF PALMDALE  OFFICER RAPOSAS;  COUNTY OF LOS | |

ANGLES DEPUTY SHERIFF )
WALDEN; DEPUTY SHERIFF DOE 1, )
all such individual defendants sued in )
their individual and official )
capacity; DOES 2-10 INCLUSIVE, )
)
)
Defendants. )
_____ )

Plaintiffs PRISCILLA HUERTA, ARTURO HUERTA, individually and on behalf of their minor children Does 1-7 ("P. Huerte", or "A. Huerta", or collectively "Plaintiffs") file this Complaint and state and allege against Defendants as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, the Fourth, Fifth and Fourteenth Amendments, which involve violations of federal law pursuant to 42 U.S.C. Section 1983; and 42 U.S.C. Section 3604, et seq.

2.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF PALMDALE is a public entity in this District, Defendant COUNTY OF LOS ANGELES is a public entity in this District, the individual defendants reside and are employed in this District, and the claims arose in this District.

## PARTIES

3.     Plaintiffs P. Huerta and A. Huerta were at all times material herein tenants with their 7 minor children, Does 1-7 inclusive, at a 48 unit motel commonly known as Motel 6 located at 217 E. Palmdale Blvd., Palmdale, California 93550 ("Motel").

2

4.   Plaintiffs are of Hispanic origin and indigent and used the motel as the motel as their residence of last resort.

5.   Defendant CITY OF PALMDALE ("City") is a municipal corporation organized and existing under the Constitution and laws of the State of California.

6.   Defendant COUNTY OF LOS ANGELES ("City") is a municipal corporation organized and existing under the Constitution and laws of the State of California.

7.   Defendants BUD DAVIS; SARA SHREVES; and CITY OF PALMDALE OFFICER RAPOSAS were at all times material herein City officials and City employees ("City Officials") and are sued in their individual and official capacity.

8.   Defendants DEPUTY SHERIFF WALDEN; DEPUTY SHERIFFF DOE 1 were at all times material herein County Deputy Sheriffs and employees of the LOS ANGELES COUNTY SHERIFFS DEPARTMENT ("LA Sheriffs Dept.") and such defendants are sued in their individual and official capacity ("County Sheriffs").

9.   The LA Sheriffs Dept. is the contract law enforcement agency for the City.

10.   The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10 and persons heretofore unknown involved in the actions taken against Plaintiffs and are unknown to them at this time, but are hereby sued in their individual and official capacities. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurrences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants.  Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time.  Plaintiffs will amend this complaint as and when the true names and capacities of said

3

DOE defendants are ascertained. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## HISTORICAL FACTS COMMON TO ALL CLAIMS

11. At all times material herein, the motel's primarily was comprised of low income individuals on federal and state governmental assistance such as plaintiffs and who were in part of panic and African-American origin who could nott find or afford alternative low-income housing because of their economic status.

12. The City is replete with a serious homeless problem of individuals like the plaintiffs who cannot find find or afford alternative low-income housing because of their economic status.

13. The City has not adequately addressed the serious "homeless" problem in the City and the area of the motel, by way of adoption of a general plan for affordable low-income housing, or by specific zoning measures in the area where the Ross Hotel is located.

14. On or about November 17, 2016, the City obtained a civil inspection warrant under California Code of Civil Procedure Section 1822.50, et seq. to inspect the motel for alleged violations of the City Municipal Code ("PMC"), the California Building Standards Code ("CBSC"), the California Health and Safety Code ("HSC") and other laws applicable to the motel ("IW").

4

15. On December 13, 2016, the City and Defendants Bud Davis, and Code Enforcement Officers Shreves, Raposas and Bonelli came onto the property without prior notice, a court order, abatement warrant or consent of the plaintiffs or the owners and opewrators of the motel, and posted on all the motel units, including plaintiffs' unit,  a Notice and Order to Repair and Abate ("Notice to Abate") over four hundred (400) claimed violations of the PMC and state building and HSC codes even though such multiple violations do not exist and which included notices served and posted on all motel units for  plaintiffs and the motel tenants to vacate the motel by December 15, 2016 ("Notice to Vacate").

16. In taking the actions set forth in paragraph 15 above, the motel did not exist as an emergency public nuisance requiring the City to immediately being vacated and closed on only two (2) day notice.

17. In taking the actions set forth in paragraph 15 above, the City has failed to provide plaintiffs or hold to this date with an appeal hearing of the Notice to Abate and Notice to Vacate despite plaintiffs and the other motel tenants filing letters with the City Clerk requesting such an appeal hearing.

18. On December 15, 2016, at approximately 2:00 p.m. the City and Defendants Bud Davis, and Code Enforcement Officers Shreves, Raposas and Deputy Sheriffs Walden and Doe 1 came onto the property without a court order, abatement warrant or consent of the plaintiffs and closed the motel and evicted and vacated the plaintiffs and the other  motel tenants from the motel and the plaintiffs' personal residence and motel units.

19. Plaintiffs as long term and permanent residents of the motel for over thirty (30) consecutive days are entitled under California Civil Code Section 1940(b) that residents at a residential motel may not be summarily evicted without court order under the State of California Landlord-Tenant Law and under the Fourth Amendment and Due Process Clause of the United States Constitution.

20. In taking the actions set forth in paragraph 18 above, the defendant City and Defendants Bud Davis, and Code Enforcement Officers Shreves, Raposas and Deputy Sheriffs Walden and Doe 1 did not relocate or provide relocation assisatance for said plaintiffs or the other motel tenants with alternative housing, rather some of the motel tenants were relocated on a temporary short term basis with a few days financial assistance to stay at other motels in the City, this despite the fact that said plaintiffs and the other motel tenants permanently resided at the motel.

21. At all times material herein, the City, and defendants and each of them, has also taken the actions set forth in paragraphs 3-20 with the pretextual purpose of overenforcing the PMC and state codes in order to drive the owners and operators out of business and close the motel and evict the plaintiffs and the other motel tenants. Such actions were also done with the consent and aurthority of the City Council, the highest policymaking body of the City and the City Attorney and Davis who were vested by the City Council as final policymakers as to the means and mode of closing the motel.

22. On information and belief plaintiffs allege that at all times material herein, the City, and defendants and each of them, has also taken the actions set forth in paragraphs 3-21 with the pretextual purpose of overenforcing the PMC and state codes in order to drive the owners out of business and close the motel and evict the plaintiffs and other motel tenants also

was done for the purpose of driving down the price of the motel in order to effectuate a transfer to another private developer.

23. As a result of the actions taken by defendants and each of them in paragraphs 3-22 above, the plaintiffs have suffered great emotional, physical and financial and economic damage.

Based on the above facts, Plaintiffs allege the following claim

## FIRST CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C. Section 1983 by All Plaintiffs Against All Defendants)

24. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 23, and all its subparts, inclusive, as set forth hereinabove.

25. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Palmdale and County of Los Angeles for purposes of "state action" under 42 U.S.C. Section 1983.

26. By taking the actions hereinabove alleged in paragraphs above, defendants, and each of them, violated the constitutional and civil rights of plaintiffs, and in particular their right underthe Fourth Amendment as said amendment is incorporated by the Fourteenth Amendment of the United States Constitution; the Fifth Amendment of the United States Constitution, in particular that the exercise of the governmental police power be for a "public use", as incorporated by the Fourteenth Amendment of the United States Constitution, but rather was exercised in a manner that constituted a "private taking" under said amendment which further results in the unconstitutional taking of property, and even if not a "private

taking" is an unconstitutional taking of property without just compensation under such amendment; the Procedural and Substantive components of Due Process Clause of the the Fourteenth Amendment of the United States Constitution; and also in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in which other motels and tenants in the City simlarly situated were differentially treated.

27. Defendants in engaging in the above-described conduct, in violating plaintiffs' constitutional and civil rights as described above, acted according to official policy, custom and practice of the Defendant City and said individual defendants are not entitled to qualified immunity.

28. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe emotional distress and physical damages, financial and business damages to the motel and property. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have collectively suffered and continue to incur is according to proof at trial but in a sum in excess of $10,000,000.00 each against defendants, and each of them, and that they are also entitled to appropriate injunctive relief enjoing the Defendant City, and City and County officials, from closing the operation of the motel, and from evicting the plaintiffs from their personal residence. Plaintiffs are also entitled to reasonable attorneys fees under 42 U.S.C. section 1988.

## SECOND CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C. Section 3604, et seq. by All

Plaintiffs Against All Defendants)

29. Plaintiff Tenants reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 28, and all its subparts, inclusive, as set forth hereinabove.

30. Plaintiffs are further informed and believe, and based upon such information and belief alleges, that the actions of the defendants, and each of them, has had the effect of discriminating against plaintiffs based on their status based on race, color and/or national origin as plaintiffs are of Hispanic and Hawaiin Filipino origin, in violation of 42 U.S.C. Section 3604, et seq., the Federal Fair Housing Act.

31. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe emotional distress and physical damages, financial and business damages to the motel and property. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have collectively suffered and continue to incur is according to proof at trial but in a sum in excess of $10,000,000.00 each against the defendants, and each of them, and that they are also entitled to appropriate injunctive relief enjoining the Defendant City, and City and County officials, from closing the operation of the motel, and from evicting the plaintiffs from their personal residence. Plaintiffs are also entitled to reasonable attorneys fees pursuant to 42 U.S.C. 3604(b) and the Federal Fair Housing Act.

WHEREFORE, Plaintiffs and on behalf of their Motel Tenants pray judgment against Defendants, and each of them, as follows:

## FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial but not less than $10,000,000 for each plaintiff against each defendant;

2. For declaratory and injuntive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

## SECOND CLAIM FOR RELIEF

4. For damages according to proof at trial but not less than $10,000,000 for each plaintiff against each defendant;;

5. For declaratory and injuntive relief;

6. For attorney's fees pursuant to 42 U.S.C. 3604(b) and the Federal Fair Housing Act;

## FOR ALL CLAIMS FOR RELIEF

7. For costs of suit; and

8. For such other and further relief as the Court deems just and proper.

DATED: December 14, 2018    LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for
PRISCILLA HUERTA, ARTURO HUERTA,
individually and on behalf of their minor children
Does 1-7

## **DEMAND FOR JURY TRIAL**

All the named Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

deems just and proper.

DATED: December 14, 2018      LAW OFFICES OF FRANK A.
WEISER


By: _____
FRANK A. WEISER, Attorney for
PRISCILLA HUERTA, ARTURO HUERTA,
individually and on behalf of their minor children
Does 1-7

11